**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>LAURELWOOD GROUP, LLC,<br>                Debtor-Appellant. | No. CV 11-1166-GW<br><br>ORDER OF DISMISSAL OF<br>BANKRUPTCY APPEAL |

### I. Background

On December 29, 2010, Bankruptcy Judge Maureen Tighe issued an "Order Confirming Debtor's First Amended Liquidating Chapter 11 Plan, as Modified, pursuant to 11 U.S.C. § 1129," in In re: Laurelwood Group, LLC, BK No. SV-10-16289-MT. See Bankruptcy Court Docket Item Number 153. On January 12, 2011, a "Notice of Appeal" was filed by Debtor Laurelwood Group, LLC ("Laurelwood") and entered by the Bankruptcy Court on its docket. Id. at 163. On January 20, 2011, an identical Notice of Appeal was filed with the Bankruptcy Court. Id. at 165. On that same date, Laurelwood field "Appellant's Statement of Election to Transfer Appeal to District Court." Id. at 166.

On February 8, 2011, a "Notice Regarding Appeal from Bankruptcy Court" was filed in the United States District Court for the Central District of California. See In

Re: Laurelwood Group, LLC, CV-11-1166, USDC Docket Item No. 1. That filing was based on the second Notice of Appeal entered on January 20, 2011 and the concomitant Election to Transfer. See Id. at 2-3.

On April 29, 2011, the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") in In re: Laurelwood Group, LLC, BAP No. CC-11-1032, issued an Order[1] which stated as follows: 1) Laurelwood filed a timely notice of appeal on January 12, 2011; 2) the Notice of Appeal was received by BAP and it assigned the case an appeal number; 3) On January 20, 2011, Laurelwood filed a separate statement of election; 4) on February 3, 2011, the Bankruptcy Court issued a notice of referral which directed the appeal to the district court; and 5) on March 1, 2011, BAP issued an Order staying the appeal before it so that this Court could determine whether to dismiss its case as improvidently opened or transferring the matter to the BAP citing Hupp v. Educ. Credit Mgmt. Corp., 383 B.R. 476 (9th Cir. BAP 2008). In an earlier March 1, 2011 Order, BAP stated:

> Bankruptcy appeals are heard by the BAP unless the appellant elects, at the time of filing the appeal, to have such appeal heard by the district court, or any other party to the appeal elects not later than 30 days after service of the notice of appeal. 28 U.S.C. § 158(c)(1). The election "may be made only by a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1)." Fed.R.Bankr.P. 8001(e). See also Amended Order Continuing Bankruptcy Appellate Panel of the Ninth Circuit, at ¶ 3 (last amended May 4, 2010); Hupp v. Educ. Credit Mgmt. Corp. (In re Hupp), 383 B.R. 476, 479 (9th Cir. BAP 2008).

## II. Discussion

BAP correctly notes that Rule 8001(e) of the Federal Rules of Bankruptcy Procedure states that: "An election to have an appeal heard by the district court under 28 U.S.C. § 158(c)(1) may be made only by a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1)." 28 U.S.C.

---

[1] It is noted that the BAP's April 29, 2011 Order and an earlier March 1, 2011 Order were not filed with this Court.

¶ 158(c)(1) states that "each appeal under [§ 158(a)] shall be heard by a 3-judge panel of the bankruptcy appellate panel . . . unless - (a) the appellant elects at the time of filing the appeal . . . to have such appeal heard by the district court." "At the time of filing the appeal" - as used in § 158(a) - has been interpreted as meaning that the election to have the appeal heard in district court must be filed "simul-taneously" with and separately from the Notice of Appeal. See e.g. Hupp, 383 B.R. at 479; In re County of Orange, 183 B.R. 593, 594 (9th Cir. BAP 1995).

Here, Laurelwood filed its initial Notice of Appeal on January 12, 2011. On that day, Laurelwood did not file an election to have the appeal heard in district court. While Laurelwood did file another Notice of Appeal on January 20, 2011 and a separate "election" on that date, the election was not made "at the time of filing the [initial Notice of] appeal." Hence, Laurelwood has failed to comply with Rule 8001(e) and § 158(c)(1).

**III. Conclusion**

For the reasons stated above, the present bankruptcy appeal to this Court is dismissed as improvidently opened.

Dated: This 2nd day of May, 2011.

GEORGE H. WU
United States District Judge